TH:EJD
F. #2025R00680

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        - against -

MUSTAFA FTEJA,
VALMIR KRASNIQI and
AFRIM KUPA,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

TO BE FILED UNDER SEAL

AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR ARREST WARRANTS

(18 U.S.C. §§ 1503(a) and 2)

Case No. 25 MJ 322

EASTERN DISTRICT OF NEW YORK, SS:

        JOSEPH COSTELLO, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

        On or about and between November 13, 2025 and November 16, 2025, within the Eastern District of New York, the defendants MUSTAFA FTEJA, VALMIR KRASNIQI, and AFRIM KUPA, together with others, did corruptly endeavor to influence, intimidate and impede any petit juror in or of any court of the United States in the discharge of his or her duty, to wit: a petit juror in a criminal trial taking place in the Eastern District of New York, and did corruptly endeavor to influence, obstruct and impede the due administration of justice.

        (Title 18, United States Code, Sections 1503(a) and 2)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since 2014. I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for racketeering and other crimes associated with organized crime, including, but not limited to, members and associates of Italian and Balkan criminal organizations. These investigations are conducted both overtly and covertly. I have conducted or participated in physical surveillance, electronic surveillance, the execution of search and tracking warrants, debriefings of informants, reviews of intercepted conversations, and the retrieval and analysis of cellphone data. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities. I am familiar with the facts of this investigation from my personal observations, my review of documents, and information obtained from other agents and witnesses.

2. On November 3, 2025 and November 5, 2025, the Honorable Clay H. Kaminsky, a United States Magistrate Judge in the Eastern District of New York, selected a jury in a criminal trial taking place in the Eastern District of New York (the "Trial"), which charges the defendant with narcotics trafficking.

3. John Doe #1, whose identity is known to me, was selected to serve as a juror in the Trial. The Trial is scheduled to commence on Monday, November 17, 2025 before

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

a United States District Court Judge for the Eastern District of New York, with opening statements and the presentation of evidence by the government.

4. On or about November 13, 2025, the defendant, MUSTAFA FTEJA, who is known to John Doe #1, called John Doe #1 on his cell phone multiple times. On or about November 13, 2025, John Doe #1 spoke to FTEJA by phone and agreed to meet FTEJA in Staten Island, New York.

5. During the November 13, 2025 meeting between John Doe #1 and FTEJA in Staten Island, FTEJA asked John Doe #1 for a favor.[2] FTEJA further asked if John Doe #1 was a juror on jury duty on Monday[3] and offered to pay John Doe #1 to return a verdict of not guilty at the Trial. FTEJA indicated to John Doe #1 that he was directed to make this offer by others, including defendant VALMIR KRASNIQI.[4] FTEJA relayed to John Doe #1 that FTEJA was informed by defendant KRASNIQI that John Doe #1 was serving as a trial juror and that individuals from the Bronx would pay John Doe #1 for a not guilty verdict.

6. I have reviewed T-Mobile records from defendant FTEJA's phone number (the "FTEJA Phone") from November 13, 2025. At approximately 2:58 p.m. on November 13, 2025, the FTEJA Phone received a call that lasted approximately 1 minute and 34 seconds from a phone number that I know to be associated with defendant KRASNIQI (the "KRASNIQI Phone"). Approximately 15 minutes later, the FTEJA Phone called John Doe #1 multiple times. At approximately 7 p.m., the FTEJA Phone made a call to John Doe #1 that lasted approximately 5 minutes. Approximately ten minutes later, the FTEJA Phone made a call to the KRASNIQI

---

[2] All statements set forth herein are in sum and substance and in part.

[3] John Doe #1 is expected to report for jury duty on Monday, November 17, 2025.

[4] Defendants KRASNIQI and FTEJA work together in Brooklyn, New York.

4

Phone that lasted approximately 30 seconds. At approximately 9 p.m., the FTEJA Phone contacted John Doe #1 and defendant FTEJA and John Doe #1 met shortly thereafter, as described in paragraph 5. Approximately two hours after the meeting with John Doe #1, the KRASNIQI Phone made a one-minute call to the FTEJA Phone.

7. On November 15, 2025, defendant FTEJA again met with John Doe #1 and offered John Doe #1 $50,000 to $100,000 to find the defendant on trial not guilty. Defendant FTEJA indicated that the payment would come from individuals other than himself.

8. A recorded conversation between defendant FTEJA and defendant KRASNIQI from November 15, 2025 revealed that the two again discussed arranging for John Doe #1 to be paid to return a verdict of not guilty at the Trial.[5] Defendant KRASNIQI informed defendant FTEJA that he would arrange a meeting the following day with "AFRIM," who I know to be defendant AFRIM KUPA.

9. A recorded conversation between defendant FTEJA and defendant KRASNIQI from November 16, 2025 revealed that defendant KRASNIQI told defendant FTEJA to come to his home for the meeting.

10. On November 16, 2025, I observed vehicles belonging to defendant FTEJA, defendant KRASNIQI and defendant KUPA outside a single-family house in Staten Island, New York that I know from law enforcement databases to be defendant KRASNIQI's home (the "KRASNIQI Residence"). The FTEJA, KRASNIQI and KUPA vehicles are registered to the respective defendants. Approximately 20 minutes after I began surveilling the KRASNIQI Residence, members of law enforcement observed defendant FTEJA and defendant

---

[5] Defendants FTEJA and KRASNIQI conversed in Albanian and I have been provided with a working translation by an FBI linguist at the time of this affidavit.

KUPA leave in their respective vehicles.   Members of law enforcement recognized both FTEJA and KUPA from their images in law enforcement databases.   The below depicts defendant KRASNIQI's white sedan and defendant KUPA's truck parked outside the KRASNIQI Residence during their meeting on November 16, 2025.



11. On November 16, 2025, defendant FTEJA, defendant KRASNIQI and defendant KUPA met at the KRASNIQI Residence, as described above in paragraph 10, to discuss paying John Doe #1 for his verdict at trial.   This conversation was recorded and I have reviewed the recording, including the below two excerpts.[6]

| | |
|---|---|
| DEFENDANT FTEJA: | How they gonna pay [John Doe #1], who's gonna, give the money? |
| DEFENDANT KUPA: | Cash. |
| DEFENDANT FTEJA: | You're gonna give it to me? How much? |

---

[6] The defendants conversed in both Albanian and English; where they conversed in Albanian, a working translation by an FBI linguist was available to me at the time of this affidavit.

6

| | |
|---|---|
| DEFENDANT KUPA: | One, one hundred thousand. |
| DEFENDANT FTEJA: | Okay, I dunno, I'll talk to him again. I will tell him what you told me, and, but, I told you, he's concerned with those two things, the money and the, and how did they find his name? |

**************************************************************

| | |
|---|---|
| DEFENDANT FTEJA: | I'll speak to [John Doe #1] again; I'll tell him what you told me. And see what he is going to do. |
| DEFENDANT KUPA: | That's it. |
| DEFENDANT KRASNIQI: | This has to be done, right? |
| DEFENDANT FTEJA: | I'll try to talk to him. I will, I will tell him. I will just tell him what you told me. |

12.     It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application for arrest warrants, as disclosure would give defendants MUSTAFA FTEJA, VALMIR KRASNIQI and AFRIM KUPA an opportunity to change patterns of behavior and flee from or evade prosecution and therefore have a significant and negative impact on the continuing investigation that may severely jeopardize its effectiveness, except that the undersigned will distribute copies of this charging document and any resulting arrest warrants to other law enforcement authorities as necessary to effectuate the defendants' arrests.

WHEREFORE, your deponent respectfully requests that arrest warrants be issued so the defendants MUSTAFA FTEJA, VALMIR KRASNIQI and AFRIM KUPA be dealt with according to law.

_____
JOSEPH COSTELLO
Special Agent
Federal Bureau of Investigation

Sworn to before me this
16th day of November, 2025 by telephone

_____
THE HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK